J-S20037-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHELLIE MARIE FORSHEY | : | |
| | : | |
| Appellant | : | No. 51 WDA 2022 |

Appeal from the Judgment of Sentence Entered December 10, 2021
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000991-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHELLIE MARIE FORSHEY | : | |
| | : | |
| Appellant | : | No. 54 WDA 2022 |

Appeal from the Judgment of Sentence Entered December 10, 2021
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000951-2019

BEFORE: NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED: OCTOBER 18, 2022**

Appellant, Shellie Marie Forshey, appeals from the judgment of sentence entered in the Blair County Court of Common Pleas, following the revocation of her probation. We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. On June 18, 2019, Appellant pled guilty at docket No. CP-07-CR-0000951-2019

("docket 951-2019") to criminal conspiracy to commit possession with intent to deliver ("PWID"). That same day, Appellant also pled guilty at docket No. CP-07-CR-0000991-2019 ("docket 991-2019") to PWID and criminal use of a communication facility. On July 26, 2019, the court sentenced Appellant to eight years of probation.

Appellant violated the terms of her supervision[1] and the court conducted a revocation hearing on December 10, 2021. Appellant did not contest the

---

[1] The petition for revocation noted that Appellant had nine prior violations without revocation.

> Such violations included providing a positive drug screen and providing a voluntary admission for the use of methamphetamines on July 31, 2019; drug paraphernalia found in her bedroom on August 1, 2019; and her failure to appear at the probation office resulting in a bench warrant being issued for her arrest on August 2, 2019. Further, she missed her required treatment session on November 1, 2019; was out beyond her curfew on November 15, 2019; she used Gabapentin for which she did not have a prescription, as confirmed by lab test results received December 16, 2019, and her failure to report for a required random drug screen on March 23, 2021. Finally, Appellant was incarcerated on March 24, 2021 due to receiving new criminal charges, including Criminal Conspiracy-PWID, PWID, Contraband/Controlled Substance, Use/Possession of Drug Paraphernalia, Criminal Use of Communication Facility and Possession of a Controlled Substance. [At the revocation hearing, the court found that Appellant had since pled guilty to the March 2021 offenses.]

(Trial Court Opinion, filed 2/1/22, at 6-7) (record citation omitted).

alleged violations of the terms and conditions of her supervision. (N.T. Hearing, 12/10/21, at 4).

At the close of the hearing, the court revoked Appellant's probation and resentenced Appellant to concurrent terms of two to four years of incarceration at each underlying docket. The court noted that Appellant was eligible for the Recidivism Risk Reduction Incentive ("RRRI") program, and that she was a viable candidate for the State Drug Treatment Program.

On December 20, 2021, Appellant filed a timely motion for modification of her sentence challenging the discretionary aspects of her sentence. The court denied the motion on December 30, 2021. On January 4, 2022, Appellant timely filed a notice of appeal at each underlying docket.[2] That same day, the court ordered Appellant to file a concise statement of errors on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on January 24, 2022.

As a preliminary matter, appellate counsel seeks to withdraw his representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2)

---

[2] This court subsequently consolidated the appeals *sua sponte*.

file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006); **see also Commonwealth v. Dempster**, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor [**Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981),] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> *      *      *
>
> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, appellate counsel has filed a petition to withdraw. The petition states that counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention.[3] In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case and refers to relevant law surrounding Appellant's issues.[4] Counsel further states the reasons for counsel's conclusion that the appeal is wholly frivolous. Therefore, counsel

---

[3] Counsel initially sent Appellant a letter advising her of her rights that inadvertently included only one of the underlying docket numbers. Counsel later sent Appellant an amended letter correcting this error and listing both underlying docket numbers.

[4] Although counsel failed to include a copy of the Rule 1925(b) statement in the **Anders** brief, we have reviewed the concise statement included in the certified record.

has substantially complied with the technical requirements of **Anders** and **Santiago**.

Counsel raises one issue on Appellant's behalf:

Whether counsel should be permitted to withdraw as a review of the record shows that there are no non frivolous issues for appeal as it presents no meritorious points.

(**Anders** Brief at viii).[5]

In the **Anders** brief, counsel explains that Appellant seeks to challenge the discretionary aspects of her sentence.[6] (**Anders** Brief at x). Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. **Commonwealth v. Watson**, 228 A.3d 928, 935 (Pa.Super. 2020). Prior to reaching the merits of a discretionary aspect of sentencing issue:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

_____

[5] Appellant has not filed a response to the **Anders** brief *pro se* or with newly-retained counsel.

[6] When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*).

*Id.* (quoting *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013)).

"Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of error of law or an abuse of discretion." *Commonwealth v. Giliam*, 233 A.3d 863, 866-67 (Pa.Super. 2020) (citation omitted).

Further:

> We note that a sentencing court must state on the record its reasons for imposing sentence. [*Commonwealth v. McAfee*, 849 A.2d 270, 274-275 (Pa.Super. 2004)]; 42 Pa.C.S.A. § 9721(b). "Nevertheless, a lengthy discourse on the trial court's sentencing philosophy is not required." *McAfee,* [*supra*] at 275. Rather, the record as a whole must reflect the court's reasons and its meaningful consideration of the facts of the crime and the character of the offender. [*Commonwealth v. Anderson*, 830 A.2d 1013, 1018-19 (Pa.Super. 2003)].
>
> In the particular context of a sentence imposed for a probation violation, we also keep in mind that a term of total confinement is available if any of the following conditions exist: (1) the defendant is convicted of another crime; or (2) [her] conduct indicates that it is likely that [s]he will commit another offense; or (3) such a sentence is essential to vindicate the court's authority. *McAfee,* [*supra*] at 275; 42 Pa.C.S.A. § 9771(c).

*Commonwealth v. Malovich*, 903 A.2d 1247, 1253 (Pa.Super. 2006).

Instantly, Appellant filed a timely notice of appeal and preserved her challenge to the discretionary aspects of sentencing in a post-sentence motion to modify sentence. Although the **Anders** brief does not contain a Rule

2119(f) statement, "[w]here counsel files an *Anders* brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement." *Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa.Super. 2015) (citations omitted). Finally, Appellant's claim as presented in her post-sentence motion, that the court imposed an excessive sentence and failed to consider the relevant mitigating factors, presents a substantial question. *See Zeigler, supra* at 662 (considering post-sentence motion argument for determination of whether substantial question exists). *See also Commonwealth v. Swope*, 123 A.3d 333, 339 (Pa.Super. 2015) (explaining that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question") (internal citation omitted).

Nevertheless, Appellant's sentencing claim does not merit relief. In imposing its sentence, the trial court explained:

> In entering this sentence, we have considered all relevant factors for sentencing, including, but not limited to, the underlying factual circumstances of each case, the gravity of such offenses and the impact on any victim and the community, the sentencing guidelines and [Appellant's] rehabilitative needs. We specifically note that the sentence imposed is within the standard range of the guidelines. We have also considered the basis of the recommendation set forth on page 3 of the…revocation packet, which is incorporated herein. What this [c]ourt finds to be a significant factor is [Appellant's] criminal behavior and criminogenic thinking for the incident which occurred when she received new criminal charges in January of 2021, which included Conspiracy (PWID), PWID, Contraband/Controlled Substance, Use/Possession of Drug Paraphernalia, Criminal Use of Communication Facility and Possession of Controlled

> Substance. [Appellant] has since pled guilty to such offenses and received a sentence of one year minus one day to two years minus two days plus a ten year consecutive probationary sentence. This [c]ourt finds that the criminal behavior and criminogenic thinking is in direct violation of the goals and purpose of the Drug Court Program/Probation with Restrictive Conditions and the efforts made to help our participants be successful in their recovery. We are also satisfied that we had sufficient information available to enter this Order without the need for a Pre-Sentence Investigation. We agree with the Commonwealth that we did exhaust all resources available at the County level.

(Order, 12/10/21, at 1-2). In its Rule 1925(a) opinion, the court noted that it "fairly consider[ed] all relevant factors for sentencing[ and, i]n the exercise of [its] discretion, [the court] imposed **concurrent** sentences as opposed to consecutive sentences." (Trial Court Opinion at 7) (emphasis in original).

The record makes clear the court adequately considered all relevant factors, including Appellant's continued criminal behavior, when crafting Appellant's sentence. Under these circumstances, we see no abuse of discretion concerning the court's revocation sentence. *See Giliam, supra*.

Following our independent review of the record, we agree the appeal is frivolous. *See Dempster, supra*; *Palm, supra*. Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/18/2022</u>